IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE:<br>EP LIQUIDATION, LLC,<br>Debtor. | : <br> : <br> : <br> : <br> : | Bankr. Case No. 14-10359-CSS |
| CHARLES A. STANZIALE, solely in his capacity as Chapter 7 Trustee of EP Liquidation, LLC,<br><br>Appellant,<br><br>v.<br><br>BROOKFIELD EQUINOX, LLC,<br><br>Appellee. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civ. No. 15-309-LPS |

## MEMORANDUM

Charles A. Stanziale ("the Trustee"), in his capacity as the Chapter 7 Trustee of EP Liquidation, LLC, appeals from a March 27, 2015 Order of the United States Bankruptcy Court for the District of Delaware. (D.I. 1) Pending before the Court is Brookfield Equinox, LLC's ("Brookfield") Motion for an Order Dismissing Appeal for Lack of Jurisdiction, or Alternatively Denying Leave to Appeal. (D.I. 4) For the reasons stated below, the Court will grant Brookfield's Motion and dismiss the Trustee's appeal.

### I. BACKGROUND

EP Liquidation, LLC ("Debtor") filed a petition for chapter 7 bankruptcy relief on February 14, 2014. (Bankr. Case No. 14-10359, D.I. 1) Approximately one week earlier, the Debtor had sold substantially all of its assets to Brookfield pursuant to an Asset Purchase Agreement ("APA"). (D.I. 4 at 5; D.I. 7 at 2) Brookfield's consideration for the APA deal consisted of cash and the assumption of some of Debtor's liabilities. (D.I. 4 at 5; D.I. 7 at 2)

The Trustee, tasked with maximizing the value of the Debtor's estate, contends that the APA stripped the estate of valuable assets and decreased the potential recovery for remaining creditors. (D.I. 7 at 2) He intends to file an adversary complaint to recover the payments that Brookfield made to the Debtor's creditors on the liabilities assumed under the APA. He contends that these constituted improper preference payments under 11 U.S.C. § 547(b). (*Id.* at 1)

On November 13, 2014, the Trustee filed a Motion for Entry of an Order, Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Compelling the Production of Documents by Brookfield Equinox, LLC ("the 2004 Motion"). (Bankr. Case No. 14-10359, D.I. 48) The 2004 Motion sought documents from Brookfield relating to payments that it made to the Debtor's creditors pursuant to the liabilities it assumed under the APA. (D.I. 4 at 5) The Trustee claimed that he requires these documents to pursue the proposed adversary proceeding. (*Id.*)

The Bankruptcy Court issued an order ("the 2004 Order") on March 27, 2015 granting in part and denying in part the 2004 Motion. (D.I. 1-1 at 2) Specifically, the 2004 Order directed Brookfield to supply all information to the Trustee relating to the APA prior to the closing of the sale, but denied the Trustee's request for any post-closing documents. (*Id.*) The Trustee filed a timely notice of appeal from the 2004 Order in this Court. (D.I. 1) Brookfield moved to dismiss the appeal and the parties filed supporting briefs. (D.I. 4; D.I. 7; D.I. 10)

## II. CONTENTIONS

Brookfield argues that the Court should dismiss this appeal for lack of jurisdiction since the 2004 Order is a not a final order under 28 U.S.C. § 158(a)(1). (D.I. 4 at 3) Alternatively, Brookfield contends that even if this Court construes the Trustee's notice of appeal as a motion for leave to appeal from an interlocutory order, the 2004 Order does not satisfy the applicable

2

criteria for interlocutory appeal under 28 U.S.C. § 1292(b). (*Id.* at 13) In response, the Trustee asserts that according to the Third Circuit's relaxed and pragmatic view of finality, the 2004 Order is a final order. (D.I. 7 at 4) Alternatively, the Trustee argues that the 2004 Order is appealable under the collateral order doctrine. (*Id.* at 10) Finally, the Trustee maintains that even if the 2004 Order is not construed as a final order, there is a basis for this Court to grant leave to appeal from an interlocutory order under 28 U.S.C. § 1292(b). (*Id.* at 11–12)

## III. STANDARD OF REVIEW

Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from *final* judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3) (emphasis added). If an order from a bankruptcy court is not final, the district court can treat the appellant's notice of appeal as a request for leave to appeal from an interlocutory order. *See* Fed. R. Bankr. P. 8004(d) ("If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court or BAP may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it."); *Dal-Tile Int'l, Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996).

The Court determines whether to grant an interlocutory appeal in accordance with 28 U.S.C. § 1292(b). *See Dal-Tile Int'l*, 203 B.R. at 557. Under this framework, the Court can review an interlocutory order if the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *see also In re Kaiser Grp. Int'l, Inc.*, 400 B.R. 140, 145 (D.

3

Del. 2009). "The decision to certify an order for appeal under Section 1292(b) lies within the sound discretion of the court." *In re Kaiser Grp.*, 400 B.R. at 145.

## IV. DISCUSSION

### A. Whether the 2004 Order is Final

In bankruptcy cases, a reviewing court construes finality "more broadly than for other types of civil case." *In re Armstrong World Indus., Inc.*, 432 F.3d 507, 511 (3d Cir. 2005). "Because bankruptcy proceedings are often protracted, and time and resources can be wasted if an appeal is delayed until after a final disposition, [Third Circuit] policy has been to quickly resolve issues central to the progress of a bankruptcy." *Id.* The Third Circuit's approach to finality is flexible and pragmatic. *In re Kaiser Grp.*, 400 B.R. at 143. "In civil litigation, discovery orders are, with rare exception, non-appealable. A similar approach applies in bankruptcy cases." *In re Jeannette Corp.*, 832 F.2d 43, 46 (3d Cir. 1987) (internal citation omitted).

The four factors relevant to determining whether the 2004 Order is a final, appealable order are: "(1) The impact on the assets of the bankrupt estate; (2) Necessity for further fact-finding on remand; (3) The preclusive effect of our decision on the merits of further litigation; and (4) The interest of judicial economy." *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000). "[N]o specific combination of factors is dispositive." *In re Kaiser Grp.*, 400 B.R. at 143. However, "[t]he most important of these factors is the impact on the bankruptcy estate." *Buncher*, 229 F.3d at 250.

Brookfield argues that Rule 2004 discovery orders are generally not considered final orders and that all factors weigh against finality in this case. (D.I. 4 at 8, 10) The Trustee does not address the relevant factors for finality; instead, he broadly appeals to the Third Circuit's

4

relaxed and pragmatic view of finality. (D.I. 7 at 6–7) Additionally, the Trustee cites several cases from outside the Third Circuit that have found that a rule 2004 order is a final, appealable order. (*Id.*) He concludes that the 2004 Order is final because the Bankruptcy Court determined a discrete issue that requires no further decision. (*Id.* at 7)

The Trustee's general reliance on the Third Circuit's "relaxed" approach to finality, without more, is insufficient to establish that the 2004 Order is a final order. "Even under the more relaxed standards of finality applicable to bankruptcy cases, discovery orders generally are held to be interlocutory and non-appealable." *Countrywide Home Loans, Inc. v. Office of the U.S. Tr.*, 2008 WL 2388285, at *3 (W.D. Pa. June 11, 2008). Additionally, although the Trustee cited cases highlighting scenarios in which a court did find that an order under Fed. R. Bankr. P. 2004 was final, he draws no comparisons between those cases and the facts of this case. (D.I. 7 at 14) None of those cited cases involves a court analyzing the order at issue under the applicable Third Circuit factors. *See In re Buckner*, 271 B.R. 213 (B.A.P. 10th Cir. 2001) (concluding that rule 2004 order was final simply because it resulted from a "separate proceeding" and no further action was expected); *In re Hawley Coal Mining Corp.*, 47 B.R. 392, 393 (S.D.W. Va. 1984) (concluding without analysis that rule 2004 order was final); *In re Rosenberg*, 303 B.R. 172, 174 (B.A.P. 8th Cir. 2004) (same); *In re Valley Forge Plaza Assocs.*, 116 B.R. 420, 422 (E.D. Pa. 1990) (same).

Under the first factor, the Court finds that the 2004 Order does not have any impact on the assets of the bankruptcy estate. The Trustee is seeking to reverse the portion of the 2004 Order that denies his request for production of post-closing documents from Brookfield. The 2004 Order pertains only to documents held by a third party—Brookfield Equinox, LLC—and not to assets held by the Debtor. (*See* D.I. 1-1)

5

The Court finds that the second factor does weigh in favor of finality. If the Court reverses and remands the 2004 Order, further fact finding will not likely be necessary. Before issuing the 2004 Order, the Bankruptcy Court considered Brookfield's Motion, the Trustee's reply, oral arguments, and evidence submitted at the March 12, 2015 hearing. (*Id.*; *see also In re Owens Corning*, 419 F.3d 195, 204 (3d Cir. 2005), *as amended* (Nov. 1, 2007) (reasoning that fully developed factual record below precluded further fact finding on remand))

Third, the Court finds that the 2004 Order has no preclusive effect on the merits of further litigation, and, therefore, this factor weighs against finality. The Trustee's argument to the contrary stretches the Bankruptcy Court's holding in the 2004 Order. He claims that "the Bankruptcy Court made clear that the Order on Appeal would be the final word on whether the Post-Closing Documents would be produced and that the Bankruptcy Court would not entertain any further argument on whether payments made by a third-party purchaser to a debtor's creditors on the account of assumed liabilities in connection with an asset sale constitute voidable preferences under Section 547(b) of the Bankruptcy Code." (D.I. 7 at 8) For support, the Trustee highlights portions of the transcript from the March 12, 2015 hearing, where the Bankruptcy Court indicated that it disagreed with the Trustee's preference theory. (*Id.*) (quoting Bankr. Case No. 14-10359, D.I. 58 at 47) ("I reject the case law, which states that an assumption of liability and payment under that liability, somehow constitutes a preference.")

Although the Bankruptcy Court may not agree with the Trustee's theory of recovery for his anticipated preference action, this is not relevant to the present dispute. The Trustee has not yet filed its proposed adversary complaint and the Bankruptcy Court's statement is not a preemptive ruling on the merits of that action. This statement does not preclude the Trustee from bringing the preference action and attempting to persuade the Bankruptcy Court of the

correctness of the Trustee's preference theory. If the Trustee does file this adversary complaint, the parties will have the opportunity to engage in discovery. *See* Fed. R. Bankr. P. 7026.[1] The Bankruptcy Court's decision on the Trustee's Rule 2004 Motion does not necessarily preclude the Trustee from attempting to recover the post-closing documents through discovery in an upcoming adversary proceeding. For the same reasons, judicial economy compels the Court to refrain from exercising appellate review over this dispute until the Trustee files, and the Bankruptcy Court decides, the anticipated preference action.

The majority of the relevant factors, including the most important one, weigh against finding that the 2004 Order is a final order under 28 U.S.C. § 158(a). The Court concludes that the 2004 Order is not a final, appealable order.

### B. The Collateral Order Doctrine

The Trustee alternatively argues that the 2004 Order is appealable under the collateral order doctrine, as recognized by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). (D.I. 7 at 10) The Court finds that this doctrine is inapplicable to the 2004 Order. The Third Circuit has "determine[d] that we should not extend our case law beyond the narrow categories of trade secrets and traditionally recognized privileges, such as attorney-client and work product." *Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 57 (3d Cir. 2000); *see also In re Kaiser Grp.*, 400 B.R. at 144 (applying same restrictions). The 2004 Order on appeal does not implicate either category. Thus, the collateral order doctrine does not provide the Trustee with an avenue to appeal.

---

[1] The scope of discovery available in a Rule 2004 examination is different than the scope of discovery in an adversary proceeding. *Compare* Fed. R. Bankr. P. 2004 (limiting examinations to include only matters that "relate [ ] only to the acts, conduct, or property or to the liabilities and financial condition of the debt, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge") *with* Fed. R. Bankr. P. 7026(b) (scope of discoverable material includes any material that is "nonprivileged" and "relevant" to the claim).

7

## C. Whether Interlocutory Appeal is Appropriate

Finally, the Trustee argues that if the Court does not find support for either of the above arguments, it should grant leave to appeal from the 2004 Order as an interlocutory order. The Court is mindful that "[i]nterlocutory appeal under § 1292 is 'used sparingly and in exceptional' cases." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996) (quoting 16 Charles A. Wright, et al., Federal Practice and Procedure, § 3929, at 134 (1977)), *aff'd*, 141 F.3d 1154 (3d Cir. 1998). This strict application arises from the policy objective of avoiding "piecemeal appellate review of [lower] court decisions which do not terminate the litigation." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982).

As the party seeking leave to appeal from an interlocutory order, the Trustee bears the burden of demonstrating that: "(1) the order from which the appeal is sought involves a controlling question of law, (2) there is substantial ground for difference of opinion with respect to that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re Kaiser Grp.*, 400 B.R. at 145. The Court must certify that all three requirements are satisfied. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

The Trustee's request for leave fails because the appeal from the 2004 Order does not involve a controlling question of law. The Trustee argues that "there is a controlling issue of law because reversal of the Order on Appeal would enable the Appellant to take advantage of the broad rights of discovery in Bankruptcy Rule 2004. In particular, the Appellant would have a right to receive through discovery the Post-Closing Documents evidencing its payments to the Debtor's creditors on the account of assumed liabilities in connection with the asset sale under the APA." (D.I. 7 at 13) The Trustee, in essence, is arguing that the Bankruptcy Court improperly denied this portion of his Rule 2004 Motion. This contention does not call into

8

question a controlling issue of law, but rather disputes the Bankruptcy Court's exercise of its discretion. *See In re E. W. Resort Dev. V, L.P., L.L.L.P.*, 2014 WL 4537500, at *7 (Bankr. D. Del. Sept. 12, 2014) ("As the permissive language of the rule suggests, the Court has the discretion to grant a request for a 2004 examination.").

"Questions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery and that do not involve controlling questions of law are left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge." *See In re Towers Fin. Corp.*, 164 B.R. 719, 721 (S.D.N.Y. 1994). The Court concludes that the Bankruptcy Court's decision not to permit the Trustee to recover the post-closing documents from Brookfield does not implicate a controlling issue of law. The Trustee, therefore, cannot establish the requirements necessary to justify leave to appeal from an interlocutory order.

## V. CONCLUSION

The Court finds that the 2004 Order is not a final order under 28 U.S.C. § 158(a). The Court further declines to exercise its discretion to grant leave to appeal from an interlocutory order. For the reasons explained above, the Court will GRANT Brookfield's Motion and DISMISS this appeal. A separate Order will be entered.

August 4, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

9